# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 29, 2019

Lyle W. Cayce
Clerk

No. 18-50256

E. M., a Minor Child, By Next Friend of Mr. J. M. and Mrs. J. M.,

Plaintiff-Appellant,

v.

AUSTIN INDEPENDENT SCHOOL DISTRICT,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:17-CV-387

Before JOLLY, COSTA, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

In this Title IX suit, E.M. alleges that she was subject to harassment during her junior year in high school. The alleged harasser is D.M., a male student who, upset about E.M. rejecting his romantic advances, engaged in repeated conduct that made E.M. feel deeply uncomfortable and unsafe at school. This behavior culminated in D.M.'s jumping over a railing on the second floor of the school in an apparent suicide attempt while E.M. was

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

watching.  A teacher broke his fall and he was not seriously injured.  But E.M., not knowing that D.M. was not harmed, was distraught over D.M's attempt on his life.  Indeed, after the incident, a school counselor told her that "D.M. was obsessed with her and that his actions were connected to his unrequited love for her."

A school district is liable for student-on-student harassment only if, among other things, the district knew about the harassment and was deliberately indifferent to it.  *Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 165 (5th Cir. 2011).  For the district to have knowledge, it is not enough that any employee learns of the harassment.  The employee must, at minimum, have the authority to "institute corrective measures on the [school's] behalf" to put the school on notice.  *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998).  Deliberate indifference, too, is a "high bar;" "neither negligence nor mere unreasonableness is enough." *Sanches*, 647 F.3d at 167 (citing *Davis ex rel. Lashonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 642, 648 (1999)).

We agree with the district court's conclusion that no school official with the relevant authority knew about the harassment until the apparent suicide attempt.  At that point, the school took corrective measures that, even if not ideal or what E.M. preferred, are at odds with a finding of deliberate indifference.  Specifically, the school adopted a safety plan to provide E.M. with a security guard escort and updated the plan multiple times in response to complaints from E.M.  As part of the plan, the school modified D.M.'s schedule to minimize encounters between the two students.  The school also created a specific plan for choir, an activity both students participated in.   These proactive measures show that the district was attentive to, rather than indifferent to, E.M.'s situation once it learned about the problem.  That is

enough under the deliberate indifference standard, which does not allow us to second-guess the soundness of the corrective measures. Such second-guessing would be especially inappropriate here as the school faced the difficult task of adopting measures that would both prevent future harassment of E.M. and address the serious mental health issues that D.M. was facing.

We therefore agree with the district court, essentially for the reasons outlined in the magistrate judge's report it adopted, that this case does not involve a Title IX violation. The judgment is AFFIRMED.